UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| JERRY NORTH, | Case No. 3:24-cv-00137 |
| Plaintiff, | District Judge Thomas M. Rose |
| vs. | Magistrate Judge Caroline H. Gentry |
| VILLAGE OF WEST MILTON, et al., | |
| Defendants. | |

# OPINION AND ORDER

This matter is before the Court on the Motion to Quash (Doc. No. 34) filed by Defendants Village of West Milton, West Milton Police Chief Doyle Wright, Police Officer James Leonard and Police Officer Jason Stevens. Defendants seek to quash a subpoena that Plaintiff issued to Miami County Prosecutor Paul Watkins for transcripts of grand jury testimony in the case of *State of Ohio v. Jerry L. North*, Miami County Court of Common Pleas, Case Number 23CR179 (the "State Case"). For the reasons set forth below, the Motion to Quash is **GRANTED**.

**I.    BACKGROUND**

Plaintiff Jerry North worked as a custodian for the West Milton School District until he was arrested and charged with three counts of rape, two counts of gross sexual imposition, and one count of intimidation of an attorney, victim or witness in a criminal

1

case.[1] After being detained in jail for three weeks, Plaintiff put up a $300,000 surety bond and was placed on house arrest with GPS monitoring. Approximately seven months later, on the eve of trial, the Miami County Prosecutor's Office moved to dismiss all criminal charges against Plaintiff. The prosecutor explained: "On January 21, 2024, the juvenile complainant in this matter admitted to fabricating the vast majority of his allegations and, therefore, the State is unable to proceed."[2] The court dismissed all charges with prejudice.

This federal lawsuit followed. Plaintiff has sued the Village of West Milton, three members of the West Milton Police Department (i.e., Chief Wright, Officer Leonard and Officer Stevens), the parents of the juvenile complainant (who have been dismissed from this lawsuit pursuant to a settlement), and the social worker who interviewed the juvenile complainant. Plaintiff asserts constitutional claims under the Fourth and Fourteenth Amendments to the United States Constitution for unlawful arrest, malicious prosecution, deprivation of due process, and conspiracy (Complaint, Doc. No. 3, PageID 52.) Plaintiff also asserts state-law claims for false arrest, false imprisonment, malicious prosecution, libel, slander, and intentional infliction of emotional distress. (*Id*.)

Plaintiff served a subpoena on the Miami County Prosecutor's Office to obtain grand jury transcripts from the State Case. Although the subpoena was not attached to the

---

[1] *See* Indictment filed May 3, 2023, *State of Ohio v. Jerry L. North*, Miami County Common Pleas Court Case No. 23CR179, available on https://courts.miamicountyohio.gov/eservices/home.page.2 (last accessed October 24, 2025).

[2] *See* Motion to Dismiss filed January 22, 2024, *State of Ohio v. Jerry L. North*, Miami County Common Pleas Court Case No. 23CR179, available on https://courts.miamicountyohio.gov/eservices/home.page.2 (last accessed October 24, 2025).

Motion to Quash, Defendants represent that it "requests the disclosure of transcripts and/or video of testimony of Defendants Leonard, Stevens, Wright, and" social worker Jennifer Knisley, who is also a defendant. (Doc. No. 34, PageID 339.)

## II. PLAINTIFF MUST FIRST PETITION THE STATE COURT FOR DISCLOSURE OF THE GRAND JURY TRANSCRIPTS

"[I]n general, requests for disclosure of grand jury transcripts should be directed to the court that supervised the grand jury's activities." *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 226 (1979). This rule furthers comity between federal and state courts by allowing the state court, in the first instance, to consider and weigh its important interest in preserving the secrecy of its grand jury proceedings. Accordingly, this Court routinely requires federal litigants to seek disclosure from the relevant state court before considering the merits of a request to enforce a subpoena for state grand jury materials. *See, e.g., Brunson v. City of Dayton*, 163 F. Supp. 2d 919, 923 (S.D. Ohio 2001) (Rice, D.J.); *Gillispie v. Miami Twp.*, No. 3:13-cv-416, 2019 U.S. Dist. LEXIS 73482, 2019 WL 1929727 (S.D. Ohio May 1, 2019) (Ovington, M.J.), *report and recommendation adopted by* 2019 U.S. Dist. LEXIS 105656, 2019 WL 2603571 (S.D. Ohio June 25, 2019) (Rose, D.J.).

This rule is not absolute. On at least one occasion, this Court has enforced a subpoena for production of state grand jury transcripts before the state court weighed in on the issue. *See Heeter v. Bowers*, No. 2:20-cv-6481, 2025 U.S. Dist. LEXIS 27711, 2025 WL 511281 (S.D. Ohio Feb. 17, 2025) (Marbley, D.J.). In *Heeter*, a federal civil rights plaintiff timely asked the state court to unseal grand jury transcripts, but it did not

rule upon her request. Therefore, less than four weeks before trial, plaintiff issued federal subpoenas to obtain the state grand jury transcripts, and this Court enforced them. When the state court subsequently ruled that the grand jury transcripts should not be disclosed, this Court upheld its prior decision to enforce the subpoena, explaining that principles of comity had been met:

> Ultimately, although Plaintiff's request was pending before the Franklin County Court of Common Pleas at the time this Court ordered disclosure of the grand jury transcripts, the state court was afforded the comity it is due. It had the opportunity to review Plaintiff's request and consider her arguments in favor of disclosure. It also had the opportunity to raise concerns about the necessity of maintaining secrecy over the requested materials and did not make any findings relevant to the subject matter of the requested documents. No more is required. Plaintiff's request for state grand jury materials was therefore properly before this Court on February 7 and remains properly before this Court today.

*Heeter*, 2025 WL 511281, at *4.

In this case, Plaintiff concedes that he has not asked the Miami County Court of Common Pleas ("State Court") to disclose Defendants' grand jury transcripts. Although Plaintiff argues that such a request may be "fruitless" because the State Court previously denied a request for different grand jury materials, this Court disagrees. The State Court thoroughly analyzed Plaintiff's request for the juvenile complainant's grand jury testimony before denying that request because Plaintiff did not show a particularized need for that transcript.[3] Its decision on that issue does not predict how the State Court

---

[3] *See* Order Denying Release of Grand Jury Transcript filed January 16, 2024, *State of Ohio v. Jerry L. North*, Miami County Common Pleas Court Case No. 23CR179, available on https://courts.miamicountyohio.gov/eservices/home.page.2 (last accessed October 24, 2025).

will rule on a request for different grand jury materials. Moreover, as Defendants point out, Plaintiff has ample time before the discovery deadline to make such a request.

Accordingly, the Court **GRANTS** Defendants' Motion to Quash (Doc. No. 34) on the grounds that Plaintiff must first request disclosure of the grand jury transcripts from the Miami County Court of Common Pleas. The Court's ruling is procedural, not substantive, and either party may raise this issue again at the appropriate time.

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
UNITED STATES MAGISTRATE JUDGE

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.